IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERRY D. MAYNE, *et. al*

&ast;

    Plaintiffs,                &ast;

       v.             &ast;     CIVIL NO. RDB 05-774

DENNIS STUBBS PLUMBING,    &ast;
INCORPORATED, *et. al*,

                       &ast;

    Defendants,          &ast;

                       &ast;

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

<u>MEMORANDUM OPINION</u>

Pending before this Court is the Supplemental Motion to Dismiss or in the Alternative for

Summary Judgment and the Second Supplemental Motion to Dismiss or in the Alternative for

Summary Judgment filed by Defendant Dennis Stubbs Plumbing Inc. ("Stubbs Plumbing" or

"Defendant").  Plaintiffs Terry Mayne ("Mayne") and Kenneth Offett ("Offett") (collectively

"Plaintiffs") filed a three count complaint on March 18, 2005, alleging the following causes of

action: Count I, violations of the Davis-Bacon Act; Count II, Wrongful Discharge; and Count III,

Violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*

("ERISA").  In addition to Stubbs Plumbing, Plaintiffs' Complaint also named Ameritas

Investment Corp., Benistar Administrative Services, and First Union National Bank as

defendants in this action.  On August 16, 2005, this Court dismissed, without prejudice, Benistar

Administrative Services and First Union National Bank from this case.  While Stubbs Plumbing

has filed the currently pending motion to dismiss, Ameritas Investment Corp. has not moved to

dismiss, nor has it filed a response to Stubbs Plumbing's motion.[1]

More specifically, Stubbs Plumbing moves to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alterative, moves for summary judgment under Rule 56, by way of a Supplemental Motion to Dismiss or in the Alternative for Summary Judgment and a Second Supplemental Motion to Dismiss or in the Alternative for Summary Judgment. Following a telephonic conference with the Court on March 3, 2006, Stubbs Plumbing withdrew its initial motion to dismiss. *See* March 3, 2006 Order. In addition, this Court dismissed Count I of Plaintiffs' Complaint without prejudice. *See id.* Therefore, this Court will consider Stubb Plumbing's motions as to the two remaining counts in Plaintiffs' Complaint. The issues have been briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, the Supplemental Motion to Dismiss or in the Alternative for Summary Judgment and the Second Supplemental Motion to Dismiss or in the Alternative for Summary Judgment filed by Defendant Stubbs Plumbing are GRANTED.

BACKGROUND

Plaintiffs, who are both residents of Maryland, are former employees of Stubbs Plumbing, a Maryland corporation with its principal place of business in Clinton, Maryland. (Compl. ¶¶ 1-3.) Plaintiffs were both plumbers who worked for Stubbs Plumbing on an at-will basis, having no written or oral employment contract for a specific term of employment. (Compl. ¶¶ 4, 8.) On or about March 30, 2003, Stubbs Plumbing began work as a subcontractor

---

[1]     Ameritas Investment Corp. answered Plaintiffs' Complaint on June 28, 2005. Although Mayne moved to dismiss Ameritas Investment Corp. from this case on January 31, 2006, this Court gave leave for that motion to be withdrawn during a teleconference on March 3, 2006. Ameritas Investment Corp. is only a defendant as to Count III.

for H.R.G.M., Inc., on a federal construction contract, at a vehicle inspection station on Dakota Street in Washington, D.C.  (Compl. ¶¶ 11-13.)  Mayne was fired on March 20, 2003.  (Compl. ¶ 17.)  Offett continued working for Stubbs Plumbing and on the H.R.G.M. Inc. subcontracting job until May 2003.  (Compl. ¶ 18.)  Plaintiffs allege that Stubbs Plumbing did not pay them scale wages, for the federal construction contract with H.R.G.M. Inc., but rather non-scale wages. (Compl. ¶ 19.)  Mayne alleges that he was fired after complaining about the improper payment by Stubbs Plumbing of non-scale wages.  (Compl. ¶¶ 22-28.)  Mayne could not find other work for ten days.  (Compl. ¶ 31.)

In Count II of Plaintiffs Complaint, Mayne claims that he was wrongfully terminated, in violation of Maryland law, for requesting to be paid correctly in accordance with the Davis-Bacon Act.[2]  (Compl. ¶ 42.)  In Count III, Mayne claims that during a 2000 meeting,Mr. Dennis Stubbs, the president of Stubbs Plumbing, verbally indicated that he would provide a minimum of $5,000 per year to supervisors, such as Mayne, for retirement.  (Compl. ¶¶ 45-47.)  Mr. Stubbs also agreed to purchase term life insurance for Mayne.  (Compl. ¶ 48.)  These benefits were "entrusted to Mr. Thomas W. Clements, an agent of Ameritas Investment".  (Compl. ¶ 55.)  After Mayne's termination, he asked Mr. Clements to cancel his term life insurance policy and transmit the cash balance to him. (Compl. ¶ 60.)  Mayne claims that Mr. Clements and Mr. Stubbs told him that Stubbs Plumbing "would not allow that . . ." and the funds were not returned, despite written requests submitted by Mayne.  (Compl. ¶¶  61, 63.)  Mayne contends that the allegations contained in Count III violate ERISA.

---

[2]        As previously noted, this Court dismissed Count I, alleging a violation of the Davis-Bacon Act, on March 3, 2006.

## STANDARD OF REVIEW

Defendant seeks to dismiss Plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  As the legal sufficiency of the complaint is challenged under a Rule 12(b)(6) motion, the court assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Mkts. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001); *see also Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).  Furthermore, the "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Rather, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal*, 248 F.3d at 325-26; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).  However, while "notice pleading requires generosity in interpreting a plaintiff's complaint . . . generosity is not fantasy." *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 191 (4th Cir. 1998).

In reviewing the complaint, the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman*, 417 F.3d at 420*; Ibarra v. United States,* 120 F.3d

4

472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  The

court must disregard the contrary allegations of the opposing party.  *A.S. Abell Co. v. Chell*, 412

F.2d 712, 715 (4th Cir. 1969).  However, in considering a motion to dismiss, the court "need not

accept as true unwarranted inferences, unreasonable conclusions, or arguments" nor "the legal

conclusions drawn from the facts."  *Eastern Shore Mkts., Inc.,* 213 F.3d at 180; *see also*

*Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 578 (D. Md. 2004).

In this case, Stubbs Plumbing has moved to dismiss for failure to state a claim pursuant to

Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56.  A

court considers only the pleadings when deciding a Rule 12(b)(6) motion.  Where the parties

present matters outside of the pleadings and the court considers those matters, as here, the

motion is treated as one for summary judgment.  *See* Fed. R. Civ. P. 12(b); *Gadsby by Gadsby v.*

*Grasmick*, 109 F.3d 940, 949 (4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.*,

241 F. Supp. 2d 551, 556 (D. Md. 2003).  The parties, however, "shall be given reasonable

opportunity to present all material made pertinent to such a motion by Rule 56."  Fed. R. Civ. P.

12(b).  The requirement of "reasonable opportunity" means that all parties must be provided with

notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment, which is

satisfied when a party is "aware that material outside the pleadings is before the court."  *Gay v.*

*Wall*, 761 F.2d 175, 177 (4th Cir. 1985); *see also Laughlin v. Metro. Washington Airports Auth.*,

149 F.3d 253, 261 (4th Cir. 1998) (commenting that a court has no obligation "to notify parties

of the obvious.").

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil

Procedure when there is no genuine issue as to any material fact, and the moving party is plainly

entitled to judgment in its favor as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.  In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369  U.S. 654, 655 (1962)), but the opponent must bring forth evidence upon which a reasonable fact finder could rely. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an order granting summary judgment. *Anderson*, 477 U.S. at 252.

DISCUSSION

A.    <u>Count II - Wrongful Discharge</u>

Count II of Plaintiffs' Complaint alleges a violation of Maryland law based on Mayne's wrongful discharge by Stubbs Plumbing after he requested to be paid correctly in accordance with the Davis-Bacon Act.  Mayne alleges that the job requiring scale wages, the subcontracting job for H.R.G.M., Inc., was for plumbing work at a vehicle inspection station in Washington, D.C. that commenced on or about March 30, 2003.  However, Mayne claims that he was

terminated on March 20, 2003 for complaining, on that same day, about improper payment for a job that, according to Plaintiffs' Complaint, did not start until the end of that month.  Regardless of this apparent inconsistency, Mayne's allegations in Count II also fail to state a claim on other grounds.

Mayne's wrongful discharge claim hinges on his allegation that he was wrongfully terminated, contrary to public policy, for requesting the payment of proper wages - scale pay - under federal law.  (Compl. ¶ 42).  Basically, Mayne contents that Stubbs Plumbing violated the Davis-Bacon Act and, when he complained about this violation, he was wrongfully terminated. However, Count I, which alleged a violation of the Davis-Bacon Act, was dismissed on March 3, 2006.  For Mayne's wrongful discharge claim to state a claim upon which relief could be granted, Mayne would need to prove that he was indeed entitled to the higher scale wages. However, such a fact would no longer be consistent with the Complaint's allegations, as Count I has been dismissed from this action.  *See Eastern Shore Mkts. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)) (noting that on a motion to dismiss the court assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations."). Furthermore, the Fourth Circuit has noted that, although a district court in considering a motion to dismiss must accept all well-pleaded allegations contained in the complaint, it need not accept as true "the legal conclusions drawn from the facts."  *Eastern Shore Mkts., Inc.,* 213 F.3d at 180; *see also Sensormatic Sec. Corp.*, 329 F. Supp. 2d at 578.  For Count II to survive, this Court would have to accept as true that there was a violation of the Davis-Bacon Act -- a legal conclusion that this Court need not accept even on a motion to dismiss.  Therefore, Defendant

Stubb Plumbing's Motion to Dismiss is granted as to Count II, which will be dismissed.

B.      Count III - ERISA

        In Count III, Mayne argues that Stubbs Plumbing and Ameritas refused to return funds in

a term life insurance policy and that Stubbs Plumbing did not provide promised funds to a

retirement plan in violation of ERISA.  Stubbs Plumbing argues that there is no ERISA claim in

this case because there is no ERISA plan at issue.  Mayne bases his ERISA claim on an oral

promise by Mr. Stubbs to pay $5,000 annually towards retirement.  (Compl. ¶ 47.)  Stubbs

Plumbing notes that it is well established that every Employee benefit plan covered by ERISA

must be created by a written instrument.  *See Biggers v. Wittek Industries, Inc.*, 4 F.3d 291, 295

(4th Cir. 1993) ("Every employee benefit plan covered by ERISA, however, must be established

pursuant to a written instrument, with procedures outlined for amending the plan and identifying

those with authority to make amendments.") (citing 29 U.S.C. §§ 1102(a)(1), (b)(3)).

Furthermore, Stubbs Plumbing highlights that verbal promises are unenforceable under ERISA.

*See Clark v. BASF Salaried Employees' Pension Plan*, 329 F. Supp. 2d 694, 700 (W.D.N.C.

2004), *aff'd as modified per curiam*, 142 Fed. Appx. 659, 2005 WL 1403023 (4th Cir. 2005).

Therefore, Mayne cannot state a claim upon which relief can be granted under ERISA based on

Mr. Stubb's verbal statements at a meeting that Stubbs Plumbing was going to provide $5,000

each year toward retirement.

        Furthermore, through discovery, Stubbs Plumbing has learned that Mr. Clements, of

Ameritas Investment, did have $5,244.97, the full amount of Mayne's variable life insurance

account, transmitted to Mayne at his request by letter of June 4, 2005.  (*See* Def.'s Second Supp.

Mot. at Ex. 1-2.)  In addition, discovery has brought to light that the trust in which Mayne's

funds were held was clearly a non-ERISA plan.  (*See* Def.'s Second Supp. Mot. at Ex. 3-4.)

Where the parties present matters outside of the pleadings and the court considers those matters, as here, the motion is treated as one for summary judgment.  *See* Fed. R. Civ. P. 12(b); *Gadsby by Gadsby v. Grasmick*, 109 F.3d 940, 949 (4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.*, 241 F. Supp. 2d 551, 556 (D. Md. 2003).  Plaintiff had adequate notice that Stubbs Plumbing's motion might be treated as one for summary judgment.  The motions' alternative captions and attached materials are in themselves sufficient indicia.  *See Laughlin*, 149 F.3d at 260-61.[3]  Therefore, this Court will consider the materials submitted by Stubbs Plumbing as to Count III and will treat its motion as one for summary judgment as to this Count.

Indeed, the allegation in Plaintiff' Complaint -- in particular that Mr. Clements refused to cancel Mayne's term life insurance policy and transmit the cash balance to him (Compl. ¶¶ 60, 61, 63) – is apparently no longer operative.  Furthermore, it is abundantly clear that there is no cognizable ERISA claim in this case because, quite simply, there is no ERISA plan at issue.  As a result, Stubbs Plumbing's Motion for Summary Judgment is granted as to Count III and judgment shall be entered in favor of Defendants Stubbs Plumbing and Ameritas Investment Corp. and against Plaintiffs as to Count III.

<u>CONCLUSION</u>

For the reasons stated above, the Supplemental Motion to Dismiss or in the Alternative

---

[3]     If Plaintiffs thought that further discovery was necessary to adequately oppose summary judgment, Rule 56(f) obligated them to not only indicate its need for discovery, but also to set out reasons for its need in an affidavit, which they have not done.  *See* Fed. R. Civ. P. 56(f); *see also Laughlin*, 149 F.3d at 261 (refusing to overturn district court's grant of summary judgment on assertions of inadequate discovery when the nonmoving party failed to make an appropriate motion under Rule 56(f)).

for Summary Judgment and the Second Supplemental Motion to Dismiss or in the Alternative

for Summary Judgment filed by Defendant Stubbs Plumbing are GRANTED.  Count II of

Plaintiffs' Complaint is dismissed and judgment is entered in favor of all remaining Defendants

and against Plaintiffs on Count III.  A separate Order will follow.


Dated: July 13, 2006                    /s/_____

                                        Richard D. Bennett
                                        United States District Judge